Cusack v. News America Marketing In-Store, Inc., LLC

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of March, two thousand ten.

PRESENT:
> ROSEMARY S. POOLER,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges*,
> DAVID G. TRAGER,[*]
> > *District Judge.*

---

Devi Cusack,

> *Plaintiff-Appellant,*

> v.

News America Marketing In-Store, Inc., LLC,

> *Defendant-Appellee.*

08-3949-cv

---

FOR PLAINTIFF-APPELLANT:　　Devi Cusack, *pro se*, Richmond Hill, New York.

FOR DEFENDANT-APPELLEE:　　Eric J. Wallach and Blythe E. Lovinger, for
　　　　　　　　　　　　　　Kasowitz, Benson, Torres & Friedman LLP, New
　　　　　　　　　　　　　　York, New York.

---

[*]David G. Trager, Senior Judge of the United States District Court for the Eastern District of New York, sitting by designation.

Appeal from the United States District Court for the Southern District of New York (Lynch, *J.*).

       **UPON DUE CONSIDERATION**, it is hereby **ORDERED**, **ADJUDGED**, **AND DECREED** that the judgment of said District Court be and hereby is **AFFIRMED**.

       Appellant Devi Cusack appeals from the district court's judgment granting summary judgment for News America Marketing In-Store ("NAMIS") and dismissing her employment discrimination complaint. We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

       As an initial matter, Cusack's pending motion to include additional exhibits in her appendix is hereby **DENIED**. The exhibits were not filed in the district court, and Cusack has not shown that the documents were material omissions to the record. *See* Fed. R. App. P. 10(e)(2).

       This Court reviews an order granting summary judgment *de novo* and asks whether the district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, this Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (quotation marks omitted). However, "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002).

       Having conducted an independent and *de novo* review of the record in light of these principles, we affirm the grant of summary judgment for substantially the same reasons stated by the district court. On appeal, Cusack argues that NAMIS did not engage in the interactive

process envisioned by the ADA by which employers and employees work together to assess whether an employee's disability can be reasonably accommodated. *See, e.g.*, *Brady v. Wal-Mart Stores, Inc.*, 531 F.3d 127, 135 (2d Cir. 2008). However, as the district court explained, Cusack failed to establish the requisite causal connection between NAMIS's alleged failure to accommodate her disability and an adverse employment action. *See Parker v. Sony Pictures Entm't, Inc.*, 260 F.3d 100, 108 (2d Cir. 2001). Because we find that it was undisputed that a reasonable accommodation was not available, NAMIS was not required to engage in this interactive process. *See McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 100 (2d Cir. 2009).

We have considered all of Cusack's other arguments on appeal and have found them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk